## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERCEPT MEDIA, INC.,<br><br>        *Plaintiff*,<br><br>     v.<br><br>UNITED STATES AIR FORCE, UNITED STATES DEPARTMENT OF STATE, UNITED STATES DEPARTMENT OF THE TREASURY, and UNITED STATES NAVY,<br><br>        *Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action No. _____ |

### COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1.     This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., to compel the United States Air Force, the United States Department of State, the United States Department of the Treasury, and the United States Navy (collectively, the "Agencies"), to release records concerning the September 26, 2022, underwater demolition of and resulting gas leaks from the Nord Stream 1 and Nord Stream 2 natural gas pipelines in the Baltic Sea. Those events directly impacted the relationship between Ukraine and the United States, and the United States and Europe, in a manner that could have significant implications for the United States and its taxpayers.

2.     The incident and its aftermath have garnered public attention and been the subject of reporting based on the limited information available to date. *See, e.g.,* Jeremy Scahill, *The Searcher: Fishing for Secrets in the Nord Stream Abyss*, The Intercept (June 28, 2023), https://theintercept.com/2023/06/28/nord-stream-pipeline-bomb-investigation/; Shane Harris & Isabelle Khurshudyan, *Ukrainian Military Officer Coordinated Nord Stream Pipeline Attack*, The

Washington Post (Nov. 11, 2023), https://www.washingtonpost.com/national-security/2023/11/11/nordstream-bombing-ukraine-chervinsky/.

3.      There is great public benefit to making further information available that will assist with understanding this important issue of geopolitical consequence, involving questions of international security impacting the global energy supply, and that will advance public knowledge beyond what already is known. *See* Jeremy Scahill, *The Searcher: Fishing for Secrets in the Nord Stream Abyss*, The Intercept (June 28, 2023), https://theintercept.com/2023/06/28/nord-stream-pipeline-bomb-investigation/; Julian E. Barnes, *Americans Were Aware of Intelligence Warnings of Ukrainian Pipeline Attacks*, The New York Times (June 6, 2023), https://www.nytimes.com/2023/06/06/us/politics/nord-stream-pipeline-attack-intelligence.html; Andrew Roth*, Biden 'Knew of Ukrainian Plan to Attack Nord Stream' Three Months Before Explosion*, The Guardian (June 6, 2023), https://www.theguardian.com/business/2023/jun/06/biden-knew-of-plan-to-attack-nord-stream-three-months-before-explosion.

4.      At its core, FOIA champions the fundamental right of citizens to be informed about governmental actions. *Dep't of Just. v. Reps. Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989). It mandates the disclosure of information that shows an agency's execution of its statutory duties, underscoring that "disclosure, not secrecy, is the dominant objective." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (internal quotation marks and citations omitted).

5.      Requiring the Agencies to comply with FOIA and release records sought by Plaintiff will further the important public interest of maintaining transparency and accountability in government, and enriching public discourse and understanding of global events so as to allow

members of the public to assess government policy-making processes in the context of global diplomacy. Such disclosure aligns with FOIA's primary purpose—to ensure an informed citizenry, which is indispensable for the functioning of a democratic society.

6.   This lawsuit challenges Defendants' complete failure to comply with their obligations under FOIA to respond to Plaintiff's requests in a timely manner and to make responsive records available to Plaintiff. In seeking to enforce its rights under FOIA and to compel the release of records, Plaintiff aims to reinforce principles of transparency and accountability. Such disclosure is not only a legal obligation under FOIA but also a necessary condition for robust investigative journalism and an informed public.

7.   Plaintiff brings this action because, contrary to FOIA, Defendants have failed to fulfill their legal obligations to produce agency records that will be useful to Plaintiff in its efforts to report on and increase the public's understanding of government operations and activities related to the Nord Stream pipeline explosion and the ongoing war in Ukraine.

## JURISDICTION AND VENUE

8.   This Court has jurisdiction pursuant to 5 U.S.C. §§ 552(a)(4)(B), (a)(6)(C)(i), and (a)(6)(E)(iii). Because this action arises under FOIA against agencies of the United States, this Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701–706.

9.   Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

10.   This Court has jurisdiction to grant declaratory and further necessary or proper relief pursuant to 5 U.S.C. §§ 552(a)(4)(B) and (a)(6)(E)(iii), 28 U.S.C. §§ 2201–2202 and Federal Rules of Civil Procedure 57 and 65.

11.     Plaintiff has exhausted all administrative remedies because each of the Agencies failed to respond within the statutorily mandated time limit.

**PARTIES**

12.     Plaintiff Intercept Media, Inc. ("The Intercept"), is a Delaware non-stock, not-for-profit corporation with its principal place of business in New York, New York. The Intercept is primarily engaged in the business of information dissemination through the publication of news content on its website located at the URL https://theintercept.com. The Intercept is an award-winning news organization dedicated to holding the powerful accountable through fearless, adversarial journalism. It covers a diverse range of topics including national security, politics, civil liberties, the environment, international affairs, technology, criminal justice, and the media.

13.     The Intercept is "a representative of the news media" as defined in 5 U.S.C. § 552(a)(4)(A)(ii)(III).

14.     Defendant United States Air Force ("Air Force") is an agency of the United States government and an agency within the meaning of 5 U.S.C. § 552(f)(1).

15.     Defendant United States Department of State ("DOS") is an agency of the United States government and an agency within the meaning of 5 U.S.C. § 552(f)(1).

16.     Defendant United States Department of the Treasury ("Treasury") is an agency of the United States government and an agency within the meaning of 5 U.S.C. § 552(f)(1).

17.     Defendant United States Navy ("Navy") is an agency of the United States government and an agency within the meaning of 5 U.S.C. § 552(f)(1).

## FACTS

18.     On September 26, 2022, a series of explosions damaged the Nord Stream pipelines, which transport natural gas between Russia and Germany through the Baltic Sea. The Intercept reported on these explosions and on the fact that independent Danish, Swedish, and German investigations concluded the explosions were intentional acts of sabotage.[1]

19.     *The Washington Post* also covered the explosions, reporting that U.S. intelligence agencies had advance knowledge of a covert Ukrainian plan to attack the pipelines[2] and, in November 2023, that a colonel in the Ukrainian Special Operations Forces coordinated the operation, which U.S. officials have called a dangerous attack on Europe's energy infrastructure.[3]

20.     Additional information regarding U.S. officials' knowledge of or opposition to the sabotage plans directly impacts the public's ability to understand the United States' role in international geopolitical dynamics, particularly in relation to Russia and Ukraine. Such understanding is essential for evaluating United States foreign policy and grasping its implications for global stability.

21.     The Nord Stream attacks also have broader implications for global energy markets and environmental safety. Public insight into these areas is crucial to the ability to hold the

---

[1] Jeremy Scahill, *The Searcher: Fishing for Secrets in the Nord Stream Abyss*, THE INTERCEPT (June 28, 2023), https://theintercept.com/2023/06/28/nord-stream-pipeline-bomb-investigation/.

[2] Shane Harris & Souad Mekhennet, *U.S. Had Intelligence of Detailed Ukrainian Plan to Attack Nord Stream Pipeline*, WASHINGTON POST (June 6, 2023), https://www.washingtonpost.com/national-security/2023/06/06/nord-stream-pipeline-explosion-ukraine-russia/.

[3] Shane Harris & Isabelle Khurshudyan, *Ukrainian Military Officer Coordinated Nord Stream Pipeline Attack*, WASHINGTON POST (Nov. 11, 2023), https://www.washingtonpost.com/national-security/2023/11/11/nordstream-bombing-ukraine-chervinsky/.

government accountable, given the potential economic and ecological consequences of such sabotage on an international scale.

22.     The Intercept is committed to the principle that "a democracy cannot function unless the people are permitted to know *what their government* is up to." *Reps. Comm. For Freedom of Press*, 489 U.S. at 772–73. The First Amendment's guarantee of freedom of the press upholds that principle by enabling journalists to play an "essential role in our democracy," to "bare the secrets of government and inform the people." *New York Times Co. v. United States*, 403 U.S. 713, 717 (1971) (Black, J., concurring).

23.     The records The Intercept requests will shed light on federal government activity, including in relation to the war in Ukraine, towards which the United States already has directed billions of dollars in U.S. taxpayer funds, and to clarify reports regarding the Nord Stream attacks specifically and the war in Ukraine generally. The Intercept's commitment to further investigate the Nord Stream attacks aligns with the democratic imperative for an informed citizenry that underpins FOIA.

**I.     United States Air Force Has Not Issued a Determination.**

24.     On April 28, 2023, The Intercept submitted a FOIA request to the Air Force. A true and correct copy of this request is attached as Exhibit 1.

25.     The Intercept requested records including correspondence between U.S. Air Force officials and the U.S. National Security Adviser "mentioning the creation of a task force focused on the impending Russian invasion of Ukraine" and records "mentioning the Nord Stream pipeline, the pipeline's explosion or destruction, and/or any effects arising from the explosion." (Ex. 1 at 1.)

26.     On June 21, 2023, a Freedom of Information Officer for the Air Force acknowledged The Intercept's request. A true and correct copy of this acknowledgment is attached as Exhibit 2.

27.     In its acknowledgment, the Air Force said that it "cannot process [The Intercept's] request within the statutory 20 workdays because or organization has a significant number of pending FOIA requests."  (Ex. 2, ¶ 2.)

28.     Further in its acknowledgment, the Air Force said it "will strive to provide an update between 90 and 120 days . . . We do process each FOIA request as quickly as possible, however delayed responses can be expected." (Ex. 2, ¶ 4.)

29.     FOIA requires the Air Force to issue a final determination in 20 working days. 5 U.S.C. § 552(a)(6)(A)(i).

30.     As of the date of this Complaint, more than 180 working days have passed since The Intercept received the Air Force's FOIA request acknowledgment.

31.     As of the date of this Complaint, the Air Force failed to issue a final determination or produce any records in response to The Intercept's FOIA request.

32.     The Intercept has constructively exhausted all administrative remedies because the Air Force has not responded within its statutory deadline.

**II.     United States Department of State Has Not Issued a Determination.**

33.     On April 27, 2023, The Intercept submitted a FOIA request to the DOS. A true and correct copy of this request is attached as Exhibit 3.

34.     The Intercept requested records including communications "mentioning the creation of a task force focused on an impending Russian invasion of Ukraine," communications between the U.S. Navy and the Norwegian Navy mentioning "naval exercises in the Baltic Sea,

BALTOPS22, or 'Nord Stream,'" and records "mentioning the Nord Stream pipeline, the pipeline's explosion or destruction, and/or any effects arising from the explosion." (Ex. 3 at 1.)

35.     On May 3, 2023, the DOS acknowledged receiving The Intercept's April 27 FOIA request. A true and correct copy of this acknowledgment is attached as Exhibit 4.

36.     The DOS placed The Intercept's FOIA request "in the expedited processing track where it will be processed as soon as practicable. See 22 CFR § 171.11(h)." (Ex. 4, ¶ 2.)

37.     FOIA requires the DOS to issue a determination to the FOIA request within 20 working days. 5 U.S.C. § 552(a)(6)(A)(i).

38.     As of the date of this Complaint, more than 180 working days have passed since The Intercept received the DOS's FOIA request acknowledgment.

39.     As of the date of this Complaint, the DOS failed to make a determination or make any records available in response to The Intercept's FOIA request.

40.     The Intercept has constructively exhausted all administrative remedies because the DOS has not responded within its statutory deadline. 5 U.S.C. § 552(a)(6)(C)(i).

**III.     United States Department of the Treasury Has Not Issued a Determination.**

41.     On April 27, 2023, The Intercept submitted a FOIA request to the Treasury. A true and correct copy of this request is attached as Exhibit 5.

42.     The Intercept requested records including those "mentioning the creation of a task force focused on an impending Russian invasion of Ukraine," and "mentioning the Nord Stream pipeline, the pipeline's explosion or destruction, and/or any effects arising from the explosion." (Ex. 5 at 1.)

43.     On May 17, 2023, a FOIA and Transparency case manager for the Treasury's Office of Privacy, Transparency, and Records acknowledged The Intercept's April 27 request. A true and correct copy of this acknowledgment is attached as Exhibit 6.

44.     In its acknowledgment, the Office of Privacy, Transparency, and Records said, "Every effort will be made to provide you with a timely response; however, *unusual circumstances* exist regarding the search for and review of potentially responsive records which may delay our response. This may include the need to consult with multiple program offices, to review a voluminous quantity of records, or to search for records stored in multiple locations." (Ex. 6 at 1 (emphasis added).)

45.     On May 17, 2023, a FOIA Administrator for the Treasury's Office of Foreign Assets Control acknowledged The Intercept's April 27 request. A true and correct copy of this acknowledgment is attached as Exhibit 7.

46.      In its acknowledgment, the Office of Foreign Assets Control said, "Although Treasury's goal is to respond within 20 business days of receipt of your request, the FOIA does permit a 10-day extension of this time period. Because of what you have requested, OFAC must search multiple component divisions of OFAC to appropriately respond to your request. Due to these *unusual circumstances*, Treasury will invoke a 10-day extension for your request, as allowed by Title 5 U.S.C. § 552(a)(6)(B). . . there are currently 357 open requests ahead of yours." (Ex. 7 at 3 (emphasis added).)

47.     FOIA requires the Treasury to issue a determination to the FOIA request in 20 working days. 5 U.S.C. § 552(a)(6)(A)(i).

48.     In "unusual circumstances," an agency can extend the 20-working-day time limit to 30 working days by written notice "setting forth the unusual circumstances for such extension

*and* the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i) (emphasis added).

49.     Treasury has not provided "a date on which a determination is expected to be dispatched," or any specific information beyond seemingly boilerplate language as to what the "unusual circumstances" are that meet the statutory definition for this particular FOIA request.

50.     As of the date of this complaint, more than 180 working days have passed since The Intercept received the Treasury's FOIA request acknowledgments.

51.     As of the date of this Complaint, the Treasury failed to make a determination or make any records available in response to The Intercept's FOIA request.

52.     The Intercept has constructively exhausted all administrative remedies because the Treasury has not responded within its statutory deadline. 5 U.S.C. § 552(a)(6)(C)(i).

**IV.     United States Navy Has Not Issued a Final Determination.**

53.     On April 28, 2023, The Intercept submitted FOIA request to the Navy. A true and correct copy of this request is attached as Exhibit 8.

54.     The Intercept requested records including communications "that mention naval exercises in the Baltic Sea, BALTOPS22, or 'Nord Stream,'" and records "mentioning the Nord Stream pipeline, the pipeline's explosion or destruction, and/or any effects arising from the explosion." (Ex. 8 at 1.)

55.     On May 12, 2023, the Navy acknowledged The Intercept's request. A true and correct copy of this acknowledgment is attached as Exhibit 9.

56.     FOIA requires the Navy to issue a determination to the FOIA request in 20 working days. 5 U.S.C. § 552(a)(6)(A)(i).

57.     As of the date of this Complaint, more than 180 working days have passed since The Intercept received the Navy's FOIA request acknowledgment.

58.     As of the date of this Complaint, the Navy failed to issue a determination or make any records available in response to The Intercept's FOIA request.

59.     The Intercept has constructively exhausted all administrative remedies because the Navy has not responded within its statutory deadline. 5 U.S.C. § 552(a)(6)(C)(i).

## CAUSES OF ACTION

**FIRST CLAIM**
**Violation of FOIA, Failure to Conduct Adequate Search for Responsive Records**
**(Injunctive and Declaratory Relief)**
**5 U.S.C. § 552**
**(Plaintiff against all Defendants)**

60.     Plaintiff re-alleges and re-incorporates the preceding paragraphs as though fully set forth herein.

61.     Each Defendant is obligated under 5 U.S.C. § 552(a)(3)(C) to conduct a reasonable search for records responsive to Plaintiff's FOIA Requests.

62.     Plaintiff has a legal right to obtain such records, and no legal basis exists for each Defendant's failure to conduct a search for them.

63.     Each Defendant's failure to conduct a reasonable search for records responsive to Plaintiff's requests violates, at a minimum, 5 U.S.C. § 552(a)(3)(C) and the regulations promulgated thereunder.

## SECOND CLAIM

### Violation of FOIA, Failure to Disclose Responsive Records
### (Injunctive and Declaratory Relief)
### 5 U.S.C. § 552
### (Plaintiff against all Defendants)

64.     Plaintiff re-alleges and re-incorporates the preceding paragraphs as though fully set forth herein.

65.     Each Defendant is obligated under 5 U.S.C. § 552(a)(3) to produce or make available for inspection all records responsive to Plaintiff's FOIA requests in a timely fashion.

66.     Plaintiff has a legal right to obtain such records within the statutory time frame, and no legal basis exists for each Defendant's failure to produce or make the requested records available.

67.     Each Defendant's failure to produce or make any responsive records available violates, at a minimum, 5 U.S.C. § 552(a)(3)(A), as well as the regulations promulgated thereunder.

## THIRD CLAIM

### Violation of FOIA, Failure to Respond Within Time Required
### (Injunctive and Declaratory Relief)
### 5 U.S.C. § 552
### (Plaintiff against all Defendants)

68.     Plaintiff re-alleges and re-incorporates the preceding paragraphs as though fully set forth herein.

69.     Each Defendant is obligated under 5 U.S.C. § 552(a)(6)(A)(i) to produce or make available for copying all records responsive to Plaintiff's FOIA requests by the deadline set forth in the statute. Plaintiff has a legal right to the timely production of such records, and no legal basis exists for each Defendant's failure to produce any records or make any records available for inspection within the statutory time period.

70.     Each Defendant's failure to respond within the statutory time frame, and in particular to either identify the applicable statutory exemptions and to disclose all responsive, non-exempt records within the statutory time frame violates, at a minimum, 5 U.S.C. § 552(a)(3)(A), as well as the regulations promulgated thereunder.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants as follows:

a.      Declare that each Defendant's failure to respond to Plaintiff's requests within the statutory time frame by identifying any applicable statutory exemptions and producing or making available all responsive, non-exempt records within the statutory time frame violates FOIA, 5 U.S.C. § 552(a)(3)(A), as well as the regulations promulgated thereunder;

b.      Declare that each Defendant's failure to produce any records responsive to Plaintiff's requests violates FOIA, 5 U.S.C. § 552(a)(6)(A)(i);

c.      Order each Defendant to expeditiously conduct an adequate search for all records responsive to Plaintiff's FOIA requests in accordance with 5 U.S.C. § 552(a)(3)(C);

d.      Order each Defendant to immediately process and disclose all responsive, nonexempt records, and enjoin Defendants from improperly delaying or withholding responsive records;

e.      Award Plaintiff reasonable attorneys' fees and other litigation costs, as authorized by 5 U.S.C. § 552(a)(4)(E)(i), and any other applicable statute or regulation; and

f.      Grant Plaintiff such other and further relief as this Court deems just, equitable, and appropriate.

Dated this 26 day of January 2024.

Respectfully submitted,

**DENTONS US LLP**

/s/ Stephanie S. Abrutyn
Stephanie S. Abrutyn          Bar No. SA 3249
1221 Avenue of the Americas
New York, New York 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
stephanie.abrutyn@dentons.com
*Attorney for Plaintiff*

Harrison M. Rosenthal          Bar No. 6058028
4520 Main Street Suite 1100
Kansas City, Missouri 64111-7700
Telephone:  (816) 460-2400
Facsimile:  (816) 531-7545
harrison.rosenthal@dentons.com
*Attorney for Plaintiff*

**THE INTERCEPT MEDIA, INC.**

David S. Bralow          Bar No. DB0118
15 West 38th Street, 4th Floor
New York, New York 10018
Telephone: (646) 784-3287
david.bralow@theintercept.com
*Attorney for Plaintiff*

EXHIBIT 1

FOIA Officer
Department of Defense
Department of the Air Force
HQ AFPC/DSMIF (Attn: FOIA Manager)

550 C Street West JBSA-

Randolph AFB, TX 7815"

April 28, 2023

## RE: FOIA REQUEST, EXPEDITED CONSIDERATION AND FEE WAIVER REQUESTED

Dear FOIA Officer:

This office represents The Intercept, an award-winning national news organization that focuses on, among other things, national security, war, and politics. Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, we request access to and copies of the documents described in the section entitled, "Documents Requested." You may produce those records in hard copy or any accessible digital form, but our preference is to receive the records electronically. We are also asking that fees be waived, and that production of documents be expedited.

In the alternative to a fee waiver, we agree to pay reasonable fees for the processing of this request up to $200. Please notify me before incurring any expenses in excess of that amount so that I may approve them in a timely manner to avoid any delay.

### Documents Requested

1. Correspondence from December 1, 2021 to December 31, 2022 between U.S. Air Force officials and National Security Adviser Jake Sullivan or Sullivan's staff mentioning the creation of a task force focused on the impending Russian invasion of Ukraine and any meeting minutes and/or reports produced by the aforementioned task force.

2. U.S. Air Force documents, from December 1, 2021 to the date of this request, mentioning the Nord Stream pipeline, the pipeline's explosion or destruction, and/or any effects arising from the explosion."  Your request was assigned FOIA Case Number 2023-03718-F.

3. Any documents, from February 1, 2022 to the date of this request, mentioning the Nord Stream pipeline, the pipeline's explosion or destruction, and/or any effects arising from the explosion.

### Fee Categorization

For fee categorization purposes, The Intercept is an award-winning national online news organization that covers politics, war, and national security issues in the United States. Jeremy Scahill is the reporter assigned to this story. He is a Senior Correspondent and Editor-at-Large at The Intercept, as well as one of its founding editors. He is the author of the international best-selling books, "Dirty Wars: The World Is a Battlefield" and "Blackwater: The Rise of the World's Most Powerful Mercenary Army," and he has twice been awarded the prestigious George Polk Award, in 1998 for foreign reporting and in 2008 for "Blackwater." Accordingly, The Intercept is only required to pay for the direct cost of duplication after the first 100 pages. 5 U.S.C. § 552(a)(4)(A)(ii)(II); id. § 552(a)(4)(A)(iv)(II).

**Request for Fee Waiver**

Please waive any applicable fees. Release of the information is not in The Intercept's commercial interest and will contribute significantly to public understanding of government operations and activities. 5 U.S.C. § 552(a)(4)(A)(iii). Release of this information is of urgent public importance because it will significantly contribute to the public understanding of government operations and activities related to the Nord Stream pipeline explosion and the ongoing war in Ukraine.

**Request for Expedited Processing**

Please provide expedited processing of this request which concerns a matter of urgency. The Intercept is a national news organization, engaged in disseminating information. The public has an urgent need for information about any U.S. government involvement in the Nord Stream pipeline explosion or the potential involvement of foreign actors, including but not limited to Ukraine and Russia.

The conflicting reports about the Nord Stream explosion by the New York Times and veteran national security reporter Seymour Hersh have fueled public debate and widespread uncertainty. If evidence emerges that there is any substance to the allegations reported on February 8, 2023 by Hersh, it would indicate that the U.S. committed an act of war. The release of these records would dispel any rumors and speculation, and it would fundamentally reshape the public's understanding of the events surrounding the Nord Stream pipeline explosion. The United States has committed more than $31.7 billion in security assistance to Ukraine since the start of the war in 2022. It is the public's right to know about the extent of the U.S. government's involvement in the taxpayer-funded war.

These are exactly the circumstances that compel the expedited production of documents. Requests to expedite a FOIA request should be granted when there is a "compelling need" for the relevant information. 5 U.S.C. § 552(a)(6)(E)(iii). In *Al-Fayed v. CIA*, 254 F.3d 300 (D.C. 2001), the District of Columbia Circuit Court stated that a compelling need is demonstrated when (1) the requester is "primarily engaged in the disseminating of information," and (2) there is an "urgency to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(v). Protect Democracy Project, Inc. v. United States DOD, 263 F. Supp. 3d 293, 298-99 (D. D.C. 2017).

The Intercept has clearly demonstrated both requirements. It is without dispute that The Intercept is "primarily engaged in disseminating information." Mr. Scahill has decades of experience as an investigative journalist and national security reporter in such newsrooms as The Intercept, The Nation, and Democracy Now. The Intercept is an award-winning news organization that covers national security, politics, civil liberties, the environment, international affairs, technology, criminal justice, the media, and more. The Intercept gives its journalists the editorial freedom and legal support they need to pursue investigations that expose corruption and injustice wherever they find it and hold the powerful accountable. https://theintercept.com/about/.

Furthermore, there is an "urgency" to inform the public concerning the Nord Stream pipeline explosion. A finding of urgency is compelled when the requestor can demonstrate three main factors: "(1) whether the request concerns a matter of current exigency to the American public; (2) whether the consequences of delaying a response would compromise a significant recognized interest; and (3) whether the request concerns federal government activity." *Al-Fayed,* 254 F.3d at 310. Agency regulations as codified in 43 CFR 2.20 (a)(2) collapse this inquiry into a determination on whether the information has particular value that will be lost if not disseminated quickly. The Intercept satisfies each element of the urgency analysis. The records requested will shed light on federal government activity and will either prove or disprove the widely circulated conflicting reports about the pipeline explosion's provenance, which were published in the New York Times and Seymour Hersh's newsletter. I certify that my statements concerning the need for expedited processing are true and correct to the best of my knowledge and belief.

### Conclusion

If this request is denied in whole or part, please justify all withholdings by reference to specific exemptions and statutes, as applicable. For each withholding please also explain why your agency "reasonably foresees that disclosure would harm an interest protected by an exemption" or why "disclosure is prohibited by law[.]" 5 U.S.C. § 552(a)(8)(A)(i).

I look forward to your determination regarding my request for expedited processing within 10 calendar days, as the statute requires.

Thank you in advance for your assistance.

Yours truly,

David Bralow

EXHIBIT 2

**From:** Briggs , Patricia SAF.AA.HAF.FOIA.workflow@us.af.mil
**Subject:** Request Acknowledgement - AF [add request number]
**Date:** June 21, 2023 at 12:28 PM
**To:** ███████@theintercept.com

Dear Schuyler Mitchell,

We received your Freedom of Information Act (FOIA) request dated 27 Apr 2023 seeking: "1. Correspondence from December 1, 2021 to December 31, 2022 between U.S. Air Force officials and National Security Adviser Jake Sullivan or Sullivan's staff mentioning the creation of a task force focused on the impending Russian invasion of Ukraine and any meeting minutes and/or reports produced by the aforementioned task force. 2. U.S. Air Force documents, from December 1, 2021 to the date of this request, mentioning the Nord Stream pipeline, the pipeline's explosion or destruction, and/or any effects arising from the explosion." Your request was assigned FOIA Case Number 2023-03718-F.

Based on our initial review, we believe we cannot process your request within the statutory 20 workdays because our organization has a significant number of pending FOIA requests. To ensure all requesters are properly served in the order their requests were received, we have instituted multitrack processing of requests. Based on the information you provided, we have placed your request in the complex track and have assigned FOIA Case Number 2023-03718-F to identify your request.

The Freedom of Information Act (FOIA) provides for the collection of fees based on the costs of processing a FOIA request and your fee category. It is determined your request will be placed in the "Other" fee category. Please refer to FOIA Case Number 2023-03718-F on all correspondence to our office.

Currently, there are approximately 900 cases that will need to be processed ahead of your case to comply with 32 CFR, Part 286.8 subparagraph (a). We will strive to provide an update between 90 and 120 days. Our policy is to process requests within their respective tracks in the order in which they were received. We do process each FOIA request as quickly as possible, however delayed responses can be expected. In regards to your request for expediting, as always, we will do our best to process your case, however with the current multitrack in place we will keep you updated on the progress of your case.

Should you need to contact us about your request, please do so via email saf.aa.haf.foia.workflow@us.af.mil.   Please ensure to reference your case number.

vr,

Mrs. James

Monique M. James, Civ, DAF

Freedom of Information Act (FOIA) Officer

Office of the Secretary of the Air Force (SAF/AA)

1000 Air Force Pentagon

Washington DC  20330-1000

Org Box:  saf.aa.haf.foia.workflow@us.af.mil

Duty Phone:  202-957-4498

EXHIBIT 3

U. S. Department of State
Office of Information Programs and Services
2201 C Street N.W., Suite B266
Washington, D.C. 20520-0000
Fax: (202) 485-1669
FOIARequest@state.gov

April 27, 2023

**RE: FOIA REQUEST, EXPEDITED CONSIDERATION AND FEE WAIVER
REQUESTED**

Dear FOIA Officer:

This office represents The Intercept, an award-winning national news organization that focuses on, among other things, national security, war, and politics. Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, we request access to and copies of the documents described in the section entitled, "Documents Requested." You may produce those records in hard copy or any accessible digital form, but our preference is to receive the records electronically. We are also asking that fees be waived, and that production of documents be expedited.

In the alternative to a fee waiver, we agree to pay reasonable fees for the processing of this request up to $200. Please notify me before incurring any expenses in excess of that amount so that I may approve them in a timely manner to avoid any delay.

**Documents Requested**

1.      State Department communications, from December 1, 2021 to December 31, 2022, mentioning the creation of a task force focused on an impending Russian invasion of Ukraine, comprised in whole or in part with representatives of the joint chiefs of staff, the CIA, and State and Treasury Departments.  2.      Communications between the U.S. Navy and the Norwegian Navy that mention   naval exercises in the Baltic Sea, BALTOPS22, or "Nord Stream," from February 1, 2022 to December 31, 2022.

2.      Any meeting minutes and reports produced by the aforementioned task force, from December 1, 2021 to December 31, 2022.

3.      State Department documents, from December 1, 2021 to the date of this request, mentioning the Nord Stream pipeline, the pipeline's explosion or destruction, and/or any effects arising from the explosion. 5. Any documents, from February 1, 2022 to the date of this request, mentioning the Nord Stream pipeline, the pipeline's explosion or destruction, and/or any effects arising from the explosion.

4.      Any documents mentioning investigative journalist Seymour Hersh, from October 1, 2022 to the date of this request.

**Fee Categorization**

For fee categorization purposes, The Intercept is an award-winning national online news organization that covers politics, war, and national security issues in the United States. Jeremy Scahill is the reporter assigned to this story. He is a Senior Correspondent and Editor-at-Large at The Intercept, as well as one of its founding editors. He is the author of the international best-selling books, "Dirty Wars: The World Is a Battlefield" and "Blackwater: The Rise of the World's Most Powerful Mercenary Army," and he has twice been awarded the prestigious George Polk Award, in 1998 for foreign reporting and in 2008 for "Blackwater." Accordingly, The Intercept is only required to pay for the direct cost of duplication after the first 100 pages. 5 U.S.C. § 552(a)(4)(A)(ii)(II); id. § 552(a)(4)(A)(iv)(II).

**Request for Fee Waiver**

Please waive any applicable fees. Release of the information is not in The Intercept's commercial interest and will contribute significantly to public understanding of government operations and activities. 5 U.S.C. § 552(a)(4)(A)(iii). Release of this information is of urgent public importance because it will significantly contribute to the public understanding of government operations and activities related to the Nord Stream pipeline explosion and the ongoing war in Ukraine.

**Request for Expedited Processing**

Please provide expedited processing of this request which concerns a matter of urgency. The Intercept is a national news organization, engaged in disseminating information. The public has an urgent need for information about any U.S. government involvement in the Nord Stream pipeline explosion or the potential involvement of foreign actors, including but not limited to Ukraine and Russia.

The conflicting reports about the Nord Stream explosion by the New York Times and veteran national security reporter Seymour Hersh have fueled public debate and widespread uncertainty. If evidence emerges that there is any substance to the allegations reported on February 8, 2023 by Hersh, it would indicate that the U.S. committed an act of war. The release of these records would dispel any rumors and disinformation, and it would fundamentally reshape the public's understanding of the events surrounding the Nord Stream pipeline explosion. The United States has committed more than $31.7 billion in security assistance to Ukraine since the start of the war in 2022. It is the public's right to know about the extent of the U.S. government's involvement in the taxpayer-funded war.

These are exactly the circumstances that compel the expedited production of documents. Requests to expedite a FOIA request should be granted when there is a "compelling need" for the relevant information. 5 U.S.C. § 552(a)(6)(E)(iii). In *Al-Fayed v. CIA*, 254 F.3d 300 (D.C. 2001), the District of Columbia Circuit Court stated that a compelling need is demonstrated when (1) the requester is "primarily engaged in the disseminating of information," and (2) there is an "urgency to inform the public concerning actual or alleged Federal Government activity." 5

U.S.C. § 552(a)(6)(E)(v). Protect Democracy Project, Inc. v. United States DOD, 263 F. Supp. 3d 293, 298-99 (D. D.C. 2017).

The Intercept has clearly demonstrated both requirements. It is without dispute that The Intercept is "primarily engaged in disseminating information." Mr. Scahill has decades of experience as an investigative journalist and national security reporter in such newsrooms as The Intercept, The Nation, and Democracy Now. The Intercept is an award-winning news organization that covers national security, politics, civil liberties, the environment, international affairs, technology, criminal justice, the media, and more. The Intercept gives its journalists the editorial freedom and legal support they need to pursue investigations that expose corruption and injustice wherever they find it and hold the powerful accountable. https://theintercept.com/about/.

Furthermore, there is an "urgency" to inform the public concerning the Nord Stream pipeline explosion. A finding of urgency is compelled when the requestor can demonstrate three main factors: "(1) whether the request concerns a matter of current exigency to the American public; (2) whether the consequences of delaying a response would compromise a significant recognized interest; and (3) whether the request concerns federal government activity." *Al-Fayed*, 254 F.3d at 310. Agency regulations as codified in 43 CFR 2.20 (a)(2) collapse this inquiry into a determination on whether the information has particular value that will be lost if not disseminated quickly. The Intercept satisfies each element of the urgency analysis. The records requested will shed light on federal government activity and will either prove or disprove the widely circulated conflicting reports about the pipeline explosion's provenance, which were published in the New York Times and Seymour Hersh's newsletter. I certify that my statements concerning the need for expedited processing are true and correct to the best of my knowledge and belief.

## <u>Conclusion</u>

If this request is denied in whole or part, please justify all withholdings by reference to specific exemptions and statutes, as applicable. For each withholding please also explain why your agency "reasonably foresees that disclosure would harm an interest protected by an exemption" or why "disclosure is prohibited by law[.]" 5 U.S.C. § 552(a)(8)(A)(i).

I look forward to your determination regarding my request for expedited processing within 10 calendar days, as the statute requires.

Thank you in advance for your assistance.

Yours truly,

David Bralow

EXHIBIT 4

# Ref: F-2023-08051, Freedom of Information Act Acknowledgement

| | |
|---|---|
| From | A_FOIAacknowledgement@groups.state.gov <A_FOIAacknowledgement@groups.state.gov> |
| To | ████████ @theintercept.com |
| Date | Wednesday, May 3rd, 2023 at 3:19 PM |

**THIS EMAIL BOX IS NOT MONITORED, PLEASE DO NOT REPLY TO THIS EMAIL.**

Dear Mr. Bralow:

This email acknowledges receipt of your April 27, 2023, Freedom of Information Act (FOIA) (5 U.S.C. § 552) request received by the U.S. Department of State, Office of Information Programs and Services on April 27, 2023, regarding 1. State Department communications, from December 1, 2021 to December 31, 2022, mentioning the creation of a task force focused on an impending Russian invasion of Ukraine, comprised in whole or in part with representatives of the joint chiefs of staff, the CIA, and State and Treasury Departments. 2. Communications between the U.S. Navy and the Norwegian Navy that mention naval exercises in the Baltic Sea, BALTOPS22, or "Nord Stream," from February 1, 2022 to December 31, 2022. 2. Any meeting minutes and reports produced by the aforementioned task force, from December 1, 2021 to December 31, 2022. 3. State Department documents, from December 1, 2021 to the date of this request, mentioning the Nord Stream pipeline, the pipeline's explosion or destruction, and/or any effects arising from the explosion. 5. Any documents, from February 1, 2022 to the date of this request, mentioning the Nord Stream pipeline, the pipeline's explosion or destruction, and/or any effects arising from the explosion. 4. Any documents mentioning investigative journalist Seymour Hersh, from October 1, 2022 to the date of this request.

This Office assigned your request the subject reference number and placed it in the expedited processing track where it will be processed as soon as practicable.  See 22 CFR § 171.11(h).

In terms of your request for a fee waiver, you have been placed in the fee category as a member of the media. You will not be charged processing fees.

If you have any questions regarding your request, please contact our FOIA Requester Service Center or our FOIA Public Liaison by email at FOIAstatus@state.gov or telephone at 202-261-8484.

**THIS EMAIL BOX IS NOT MONITORED, PLEASE DO NOT REPLY TO THIS EMAIL.**

EXHIBIT 5

FOIA Request
Department of the Treasury
Washington, DC 20220
FOIA@treasury.gov


April 27, 2023

**RE: FOIA REQUEST, EXPEDITED CONSIDERATION AND FEE WAIVER REQUESTED**

Dear FOIA Officer:

This office represents The Intercept, an award-winning national news organization that focuses on, among other things, national security, war, and politics. Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, we request access to and copies of the documents described in the section entitled, "Documents Requested." You may produce those records in hard copy or any accessible digital form, but our preference is to receive the records electronically. We are also asking that fees be waived, and that production of documents be expedited.

In the alternative to a fee waiver, we agree to pay reasonable fees for the processing of this request up to $200. Please notify me before incurring any expenses in excess of that amount so that I may approve them in a timely manner to avoid any delay.

### Documents Requested

1.      Treasury Department communications, from December 1, 2021 to December 31, 2022, mentioning the creation of a task force focused on an impending Russian invasion of Ukraine, comprised in whole or in part with representatives of the joint chiefs of staff, the CIA, and State and Treasury Departments.
2.      Any meeting minutes and reports produced by the aforementioned task force, from December 1, 2021 to December 31, 2022.
3.      Treasury Department documents, from December 1, 2021 to the date of this request, mentioning the Nord Stream pipeline, the pipeline's explosion or destruction, and/or any effects arising from the explosion. 4.      Any documents mentioning investigative journalist Seymour Hersh, from October 1, 2022 to the date of this request.
4.      Any documents mentioning investigative journalist Seymour Hersh, from October 1, 2022 to the date of this request.

### Fee Categorization

For fee categorization purposes, The Intercept is an award-winning national online news organization that covers politics, war, and national security issues in the United States. Jeremy Scahill is the reporter assigned to this story. He is a Senior Correspondent and Editor-at-Large at The Intercept, as well as one of its founding editors. He is the author of the international best-selling books, "Dirty Wars: The World Is a Battlefield" and "Blackwater: The Rise of the

World's Most Powerful Mercenary Army," and he has twice been awarded the prestigious George Polk Award, in 1998 for foreign reporting and in 2008 for "Blackwater." Accordingly, The Intercept is only required to pay for the direct cost of duplication after the first 100 pages. 5 U.S.C. § 552(a)(4)(A)(ii)(II); id. § 552(a)(4)(A)(iv)(II).

## Request for Fee Waiver

Please waive any applicable fees. Release of the information is not in The Intercept's commercial interest and will contribute significantly to public understanding of government operations and activities. 5 U.S.C. § 552(a)(4)(A)(iii). Release of this information is of urgent public importance because it will significantly contribute to the public understanding of government operations and activities related to the Nord Stream pipeline explosion and the ongoing war in Ukraine.

## Request for Expedited Processing

Please provide expedited processing of this request which concerns a matter of urgency. The Intercept is a national news organization, engaged in disseminating information. The public has an urgent need for information about any U.S. government involvement in the Nord Stream pipeline explosion or the potential involvement of foreign actors, including but not limited to Ukraine and Russia.

The conflicting reports about the Nord Stream explosion by the New York Times and veteran national security reporter Seymour Hersh have fueled public debate and widespread uncertainty. If evidence emerges that there is any substance to the allegations reported on February 8, 2023 by Hersh, it would indicate that the U.S. committed an act of war. The release of these records would dispel any rumors and disinformation, and it would fundamentally reshape the public's understanding of the events surrounding the Nord Stream pipeline explosion. The United States has committed more than $31.7 billion in security assistance to Ukraine since the start of the war in 2022. It is the public's right to know about the extent of the U.S. government's involvement in the taxpayer-funded war.

These are exactly the circumstances that compel the expedited production of documents. Requests to expedite a FOIA request should be granted when there is a "compelling need" for the relevant information. 5 U.S.C. § 552(a)(6)(E)(iii). In *Al-Fayed v. CIA*, 254 F.3d 300 (D.C. 2001), the District of Columbia Circuit Court stated that a compelling need is demonstrated when (1) the requester is "primarily engaged in the disseminating of information," and (2) there is an "urgency to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(v). Protect Democracy Project, Inc. v. United States DOD, 263 F. Supp. 3d 293, 298-99 (D. D.C. 2017).

The Intercept has clearly demonstrated both requirements. It is without dispute that The Intercept is "primarily engaged in disseminating information." Mr. Scahill has decades of experience as an investigative journalist and national security reporter in such newsrooms as The Intercept, The Nation, and Democracy Now. The Intercept is an award-winning news organization that covers national security, politics, civil liberties, the environment, international

affairs, technology, criminal justice, the media, and more. The Intercept gives its journalists the editorial freedom and legal support they need to pursue investigations that expose corruption and injustice wherever they find it and hold the powerful accountable. https://theintercept.com/about/.

Furthermore, there is an "urgency" to inform the public concerning the Nord Stream pipeline explosion. A finding of urgency is compelled when the requestor can demonstrate three main factors: "(1) whether the request concerns a matter of current exigency to the American public; (2) whether the consequences of delaying a response would compromise a significant recognized interest; and (3) whether the request concerns federal government activity." *Al-Fayed,* 254 F.3d at 310. Agency regulations as codified in 43 CFR 2.20 (a)(2) collapse this inquiry into a determination on whether the information has particular value that will be lost if not disseminated quickly. The Intercept satisfies each element of the urgency analysis. The records requested will shed light on federal government activity and will either prove or disprove the widely circulated conflicting reports about the pipeline explosion's provenance, which were published in the New York Times and Seymour Hersh's newsletter. I certify that my statements concerning the need for expedited processing are true and correct to the best of my knowledge and belief.

## <u>Conclusion</u>

If this request is denied in whole or part, please justify all withholdings by reference to specific exemptions and statutes, as applicable. For each withholding please also explain why your agency "reasonably foresees that disclosure would harm an interest protected by an exemption" or why "disclosure is prohibited by law[.]" 5 U.S.C. § 552(a)(8)(A)(i).

I look forward to your determination regarding my request for expedited processing within 10 calendar days, as the statute requires.

Thank you in advance for your assistance.

Yours truly,

David Bralow

EXHIBIT 6



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C.  20220

05/17/2023

Mr. David Bralow
The Intercept

email: ██████████@theintercept.com

RE: Your FOIA Request to Treasury, Case Number 2023-FOIA-00433

Dear  Mr. Bralow:

This letter acknowledges the receipt of your Freedom of Information Act (FOIA) request to the U.S. Department of the Treasury, dated 04/27/2023. Your request is outlined as follows:

1.      Treasury Department communications, from December 1, 2021 to December 31, 2022, mentioning the creation of a task force focused on an impending Russian invasion of Ukraine, comprised in whole or in part with representatives of the joint chiefs of staff, the CIA, and State and Treasury Departments.

2.      Any meeting minutes and reports produced by the aforementioned task force, from December 1, 2021 to December 31, 2022.

3.      Treasury Department documents, from December 1, 2021 to the date of this request, mentioning the Nord Stream pipeline, the pipeline's explosion or destruction, and/or any effects arising from the explosion.

4.      Any documents mentioning investigative journalist Seymour Hersh, from October

        1, 2022 to the date of this request

5.      Any documents mentioning investigative journalist Seymour Hersh, from October

        1, 2022 to the date of this request.

I have initiated a search within the Departmental Offices for records that would be responsive to your request.  Every effort will be made to provide you with a timely response; however, unusual circumstances exist regarding the search for and review of potentially responsive records which may delay our response.  This may include the need to consult with multiple program offices, to review a voluminous quantity of records, or to search for records stored in multiple locations.  I invite you to contact my office to discuss limiting the scope of your request which could significantly reduce the time needed to process your request.

Your request has also been assigned to the Office of Foreign Assets Control (OFAC), who will respond to your request directly. OFAC will contact you if additional information is needed before your request can be processed. When inquiring about the OFAC portion of your request, please reference FOIA case number at the top of this letter and contact the OFAC FOIA Requester Service Center at 202-622-2500, option 3 or via email at OFACFOIAOffice@treasury.gov.

We will review your request for a fee waiver once our office ascertains that the billable costs will exceed our $25.00 billing threshold.

You requested the release of the requested records on an expedited basis. The FOIA states that "each agency shall promulgate regulations … providing for expedited processing of requests for records." See 5 U.S.C. § 552(a)(6)(E)(i). There are three categories of requests that merit expedited review under Treasury's FOIA regulations: (1) requests for which a lack of expedited treatment "could reasonably be expected to pose an imminent threat to the life or physical safety of an individual"; (2) where there is an "urgency to inform the public about an actual or alleged Federal Government activity, if made by a person primarily engaged in disseminating information"; or (3) the request involves "[t]he loss of substantial due process rights." See 31 CFR § 1.4(e).

Based upon my review of the information contained in your request, and in consideration of the three factors identified above, I have determined to deny your request for expedited processing. You have not provided sufficient evidence that the information if not disseminated could pose an imminent threat to the life or physical safety of an individual. Additionally, you have not demonstrated that there is an urgency to inform the public about an actual or alleged Federal Government activity. Lastly, you have not identified a potential loss of substantial due process.

You have the right to appeal my decision to deny your request for expedited processing within 90 days from the date of this letter. By filing an appeal, you preserve your rights under FOIA and give the agency a chance to review and reconsider your request and the agency's decision. Your appeal must be in writing, signed by you or your representative, and should contain the rationale for your appeal. Please also cite the FOIA reference number noted above. Your appeal should be addressed to:

> FOIA Appeal
> FOIA and Transparency
> Office of Privacy, Transparency, and Records
> Department of the Treasury
> 1500 Pennsylvania Ave., N.W.
> Washington, D.C. 20220

If you submit your appeal by mail, clearly mark the letter and the envelope with the words "Freedom of Information Act Appeal." Your appeal must be postmarked or electronically transmitted within 90 days from the date of this letter.

If you would like to discuss this response before filing an appeal to attempt to resolve your dispute without going through the appeals process, you may contact our FOIA Public Liaison,

for assistance via email at FOIAPL@treasury.gov, or via phone at (202) 622-8098.  A FOIA Public Liaison is a supervisory official to whom FOIA requesters can raise questions or concerns about the agency's FOIA process. FOIA Public Liaisons can explain agency records, suggest agency offices that may have responsive records, provide an estimated date of completion, and discuss how to reformulate and/or reduce the scope of requests in order to minimize fees and expedite processing time.

If the FOIA Public Liaison is unable to satisfactorily resolve your question or concern, the Office of Government Information Services (OGIS) also mediates disputes between FOIA requesters and federal agencies as a non-exclusive alternative to litigation.  If you wish to contact OGIS, you may contact the agency directly by email at OGIS@nara.gov, by phone at (877) 684-6448, by fax at (202) 741-5769 or by mail at the address below:

> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road – OGIS
> College Park, MD 20740-6001

You may reach me via telephone at 202-622-0930, extension 2; or via e-mail at FOIA@treasury.gov.  Please reference FOIA case number 2023-FOIA-00433 when contacting our office about this request.

> Sincerely,
>
>
> Cawana Pearson
> FOIA and Transparency
> Office of Privacy, Transparency, and Records
> U.S. Department of the Treasury

EXHIBIT 7

10/25/23, 4:21 PM

# Your FOIA Request to Treasury 2023-FOIA-00433

From    FOIA@treasury.gov <FOIA@treasury.gov>

To      ████████@theintercept.com

Date    Wednesday, May 17th, 2023 at 7:36 AM

RE:  Your FOIA Request to Treasury, Case Number 2023-FOIA-00433

Good morning:

This email acknowledges the receipt of your FOIA request dated 04/27/2023 seeking copies of the following records:

> April 27, 2023 RE: FOIA REQUEST, EXPEDITED CONSIDERATION AND FEE WAIVER REQUESTED Dear FOIA Officer: This office represents The Intercept, an award-winning national news organization that focuses on, among other things, national security, war, and politics. Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, we request access to and copies of the documents described in the section entitled, "Documents Requested." You may produce those records in hard copy or any accessible digital form, but our preference is to receive the records electronically. We are also asking that fees be waived, and that production of documents be expedited. In the alternative to a fee waiver, we agree to pay reasonable fees for the processing of this request up to $200. Please notify me before incurring any expenses in excess of that amount so that I may approve them in a timely manner to avoid any delay. Documents Requested 1. Treasury Department communications, from December 1, 2021 to December 31, 2022, mentioning the creation of a task force focused on an impending Russian invasion of Ukraine, comprised in whole or in part with representatives of the joint chiefs of staff, the CIA, and State and Treasury Departments. 2. Any meeting minutes and reports produced by the aforementioned task force, from December 1, 2021 to December 31, 2022. 3. Treasury Department documents, from December 1, 2021 to the date of this request, mentioning the Nord Stream pipeline, the pipeline's explosion or destruction, and/or any effects arising from the explosion. 4. Any documents mentioning investigative journalist Seymour Hersh, from October 1, 2022 to the date of this request. 4. Any documents mentioning investigative journalist Seymour Hersh, from October 1, 2022 to the date of this request.

This request has been issued tracking number 2023-FOIA-00433 . Please reference this number in all future correspondence with this office when communicating regarding this request. Please see the attached letter for more information.

Sincerely,

Cawana Pearson

Case Manager, FOIA and Transparency

Office of Privacy, Transparency, and Records

---

**88.05 KB**  1 file attached

FOIA Acknowledgement Fee  Expedited.pdf  88.05 KB

EXHIBIT 8

FOIA Officer
Department of Defense
Department of the Navy
2000 Navy Pentagon
DNS-36
Washington, DC 20350-2000
202-685-0412
DONFOIA-PA@navy.mil

April 28, 2023

**RE: FOIA REQUEST, EXPEDITED CONSIDERATION AND FEE WAIVER REQUESTED**

Dear FOIA Officer:

  This office represents The Intercept, an award-winning national news organization that focuses on, among other things, national security, war, and politics. Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, we request access to and copies of the documents described in the section entitled, "Documents Requested." You may produce those records in hard copy or any accessible digital form, but our preference is to receive the records electronically. We are also asking that fees be waived, and that production of documents be expedited.

  In the alternative to a fee waiver, we agree to pay reasonable fees for the processing of this request up to $200. Please notify me before incurring any expenses in excess of that amount so that I may approve them in a timely manner to avoid any delay.

<u>**Documents Requested**</u>

  1. Communications, meeting minutes, memoranda, and reports that mention the U.S Naval Diving and Salvage Training Center's activities in the Baltic Sea in June 2022 and September 2022.

  2. Communications between the U.S. Navy and the Norwegian Navy that mention naval exercises in the Baltic Sea, BALTOPS22, or "Nord Stream," from February 1, 2022 to December 31, 2022.

  3. Correspondence and meeting minutes, from February 1, 2022 to December 31, 2022, between U.S. Navy officials and National Security Adviser Jake Sullivan or Sullivan's staff mentioning the Nord Stream pipeline and/or BALTOPS22.

  4. Correspondence and meeting minutes, from February 1, 2022 to December 31, 2022, between U.S. Navy officials and CIA Director William Burns or Burns' staff mentioning the Nord Stream pipeline and/or BALTOPS22.

5.      Any documents, from February 1, 2022 to the date of this request, mentioning the Nord Stream pipeline, the pipeline's explosion or destruction, and/or any effects arising from the explosion.

## Fee Categorization

For fee categorization purposes, The Intercept is an award-winning national online news organization that covers politics, war, and national security issues in the United States. Jeremy Scahill is the reporter assigned to this story. He is a Senior Correspondent and Editor-at-Large at The Intercept, as well as one of its founding editors. He is the author of the international best-selling books, "Dirty Wars: The World Is a Battlefield" and "Blackwater: The Rise of the World's Most Powerful Mercenary Army," and he has twice been awarded the prestigious George Polk Award, in 1998 for foreign reporting and in 2008 for "Blackwater." Accordingly, The Intercept is only required to pay for the direct cost of duplication after the first 100 pages. 5 U.S.C. § 552(a)(4)(A)(ii)(II); id. § 552(a)(4)(A)(iv)(II).

## Request for Fee Waiver

Please waive any applicable fees. Release of the information is not in The Intercept's commercial interest and will contribute significantly to public understanding of government operations and activities. 5 U.S.C. § 552(a)(4)(A)(iii). Release of this information is of urgent public importance because it will significantly contribute to the public understanding of government operations and activities related to the Nord Stream pipeline explosion and the ongoing war in Ukraine.

## Request for Expedited Processing

Please provide expedited processing of this request which concerns a matter of urgency. The Intercept is a national news organization, engaged in disseminating information. The public has an urgent need for information about any U.S. government involvement in the Nord Stream pipeline explosion or the potential involvement of foreign actors, including but not limited to Ukraine and Russia.

The conflicting reports about the Nord Stream explosion by the New York Times and veteran national security reporter Seymour Hersh have fueled public debate and widespread uncertainty. If evidence emerges that there is any substance to the allegations reported on February 8, 2023 by Hersh, it would indicate that the U.S. committed an act of war. The release of these records would dispel any rumors and disinformation, and it would fundamentally reshape the public's understanding of the events surrounding the Nord Stream pipeline explosion. The United States has committed more than $31.7 billion in security assistance to Ukraine since the start of the war in 2022. It is the public's right to know about the extent of the U.S. government's involvement in the taxpayer-funded war.

These are exactly the circumstances that compel the expedited production of documents. Requests to expedite a FOIA request should be granted when there is a "compelling need" for the relevant information. 5 U.S.C. § 552(a)(6)(E)(iii). In *Al-Fayed v. CIA*, 254 F.3d 300 (D.C. 2001),

the District of Columbia Circuit Court stated that a compelling need is demonstrated when (1) the requester is "primarily engaged in the disseminating of information," and (2) there is an "urgency to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(v). Protect Democracy Project, Inc. v. United States DOD, 263 F. Supp. 3d 293, 298-99 (D. D.C. 2017).

The Intercept has clearly demonstrated both requirements. It is without dispute that The Intercept is "primarily engaged in disseminating information." Mr. Scahill has decades of experience as an investigative journalist and national security reporter in such newsrooms as The Intercept, The Nation, and Democracy Now. The Intercept is an award-winning news organization that covers national security, politics, civil liberties, the environment, international affairs, technology, criminal justice, the media, and more. The Intercept gives its journalists the editorial freedom and legal support they need to pursue investigations that expose corruption and injustice wherever they find it and hold the powerful accountable. https://theintercept.com/about/.

Furthermore, there is an "urgency" to inform the public concerning the Nord Stream pipeline explosion. A finding of urgency is compelled when the requestor can demonstrate three main factors: "(1) whether the request concerns a matter of current exigency to the American public; (2) whether the consequences of delaying a response would compromise a significant recognized interest; and (3) whether the request concerns federal government activity." *Al-Fayed*, 254 F.3d at 310. Agency regulations as codified in 43 CFR 2.20 (a)(2) collapse this inquiry into a determination on whether the information has particular value that will be lost if not disseminated quickly. The Intercept satisfies each element of the urgency analysis. The records requested will shed light on federal government activity and will either prove or disprove the widely circulated conflicting reports about the pipeline explosion's provenance, which were published in the New York Times and Seymour Hersh's newsletter. I certify that my statements concerning the need for expedited processing are true and correct to the best of my knowledge and belief.

## Conclusion

If this request is denied in whole or part, please justify all withholdings by reference to specific exemptions and statutes, as applicable. For each withholding please also explain why your agency "reasonably foresees that disclosure would harm an interest protected by an exemption" or why "disclosure is prohibited by law[.]" 5 U.S.C. § 552(a)(8)(A)(i).

I look forward to your determination regarding my request for expedited processing within 10 calendar days, as the statute requires.

Thank you in advance for your assistance.

Yours truly,

David Bralow

EXHIBIT 9

**From:** no-reply@foiaonline.gov
**Subject:** FOIA Tracking Number Change for request DON-NAVY-2023-009644 (to DON-2023-009644)
**Date:** May 12, 2023 at 7:05 AM
**To:** ▮▮▮▮▮▮▮@theintercept.com



The FOIA request DON-NAVY-2023-009644 has had its Tracking Number changed to DON-2023-009644. This is normally due to the request being transferred to another agency (for example, EPA to Dept. of Commerce) or to a sub-agency to process it. Additional details for this request are as follows:

- Old Tracking Number: DON-NAVY-2023-009644
- New Tracking Number: DON-2023-009644
- Requester Name: Schuyler A Mitchell
- Date Submitted: 04/27/2023
- Long Description: RE: FOIA REQUEST, EXPEDITED CONSIDERATION AND FEE WAIVER REQUESTED

Dear FOIA Officer:
This office represents The Intercept, an award-winning national news organization that focuses on, among other things, national security, war, and politics. Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, we request access to and copies of the documents described in the section entitled, "Documents Requested." You may produce those records in hard copy or any accessible digital form, but our preference is to receive the records electronically. We are also asking that fees be waived, and that production of documents be expedited.

In the alternative to a fee waiver, we agree to pay reasonable fees for the processing of this request up to $200. Please notify me before incurring any expenses in excess of that amount so that I may approve them in a timely manner to avoid any delay.

Documents Requested:
1. Communications, meeting minutes, memoranda, and reports that mention the U.S Naval Diving and Salvage Training Center's activities in the Baltic Sea in June 2022 and September 2022.
2. Communications between the U.S. Navy and the Norwegian Navy that mention naval exercises in the Baltic Sea, BALTOPS22, or "Nord Stream," from February 1, 2022 to December 31, 2022.
3. Correspondence and meeting minutes, from February 1, 2022 to December 31, 2022, between U.S. Navy officials and National Security Adviser Jake Sullivan or Sullivan's staff mentioning the Nord Stream pipeline and/or BALTOPS22.
4. Correspondence and meeting minutes, from February 1, 2022 to December 31, 2022, between U.S. Navy officials and CIA Director William Burns or Burns' staff mentioning the Nord Stream pipeline and/or BALTOPS22.
5. Any documents, from February 1, 2022 to the date of this request, mentioning the Nord Stream pipeline, the pipeline's explosion or destruction, and/or any effects arising from the explosion.

EXHIBIT 10

Central Intelligence Agency
Information and Privacy Coordinator
Washington, DC 20505
Fax: (703) 613-3007

April 27, 2023

**RE: FOIA REQUEST, EXPEDITED CONSIDERATION AND FEE WAIVER REQUESTED**

Dear FOIA Officer:

This office represents The Intercept, an award-winning national news organization that focuses on, among other things, national security, war, and politics. Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, we request access to and copies of the documents described in the section entitled, "Documents Requested." You may produce those records in hard copy or any accessible digital form, but our preference is to receive the records electronically. We are also asking that fees be waived, and that production of documents be expedited.

In the alternative to a fee waiver, we agree to pay reasonable fees for the processing of this request up to $200. Please notify me before incurring any expenses in excess of that amount so that I may approve them in a timely manner to avoid any delay.

### <u>Documents Requested</u>

1.      CIA communications, from December 1, 2021 to December 31, 2022 mentioning the creation of a CIA working group focused on the Nord Stream pipeline and activities in the Baltic Sea and convened by Williams Burns.

2.      CIA communications, from December 1, 2021 to December 31, 2022 mentioning the creation of an interagency task force focused on the impending Russian invasion of Ukraine, convened by National Security Adviser Jake Sullivan and comprised in whole or in part with the joint chiefs of staff, the CIA, and the State and Treasury Departments.

3.      Any meeting minutes and reports produced by the aforementioned CIA working group and the aforementioned interagency task force, from December 1, 2021 to December 31, 2022

4.      CIA documents, from December 1, 2021 to the date of this request, mentioning the Nord Stream pipeline, the pipeline's explosion or destruction, and/or any effects arising from the explosion.

5.      Any documents mentioning investigative journalist Seymour Hersh, from October 1, 2022 to the date of this request.

### <u>Fee Categorization</u>

For fee categorization purposes, The Intercept is an award-winning national online news organization that covers politics, war, and national security issues in the United States. Jeremy Scahill is the reporter assigned to this story. He is a Senior Correspondent and Editor-at-Large at The Intercept, as well as one of its founding editors. He is the author of the international best-selling books, "Dirty Wars: The World Is a Battlefield" and "Blackwater: The Rise of the World's Most Powerful Mercenary Army," and he has twice been awarded the prestigious George Polk Award, in 1998 for foreign reporting and in 2008 for "Blackwater." Accordingly, The Intercept is only required to pay for the direct cost of duplication after the first 100 pages. 5 U.S.C. § 552(a)(4)(A)(ii)(II); id. § 552(a)(4)(A)(iv)(II).

### Request for Fee Waiver

Please waive any applicable fees. Release of the information is not in The Intercept's commercial interest and will contribute significantly to public understanding of government operations and activities. 5 U.S.C. § 552(a)(4)(A)(iii). Release of this information is of urgent public importance because it will significantly contribute to the public understanding of government operations and activities related to the Nord Stream pipeline explosion and the ongoing war in Ukraine.

### Request for Expedited Processing

Please provide expedited processing of this request which concerns a matter of urgency. The Intercept is a national news organization, engaged in disseminating information. The public has an urgent need for information about any U.S. government involvement in the Nord Stream pipeline explosion or the potential involvement of foreign actors, including but not limited to Ukraine and Russia.

The conflicting reports about the Nord Stream explosion by the New York Times and veteran national security reporter Seymour Hersh have fueled public debate and widespread uncertainty. If evidence emerges that there is any substance to the allegations reported on February 8, 2023 by Hersh, it would indicate that the U.S. committed an act of war. The release of these records would dispel any rumors and disinformation, and it would fundamentally reshape the public's understanding of the events surrounding the Nord Stream pipeline explosion. The United States has committed more than $31.7 billion in security assistance to Ukraine since the start of the war in 2022. It is the public's right to know about the extent of the U.S. government's involvement in the taxpayer-funded war.

These are exactly the circumstances that compel the expedited production of documents. Requests to expedite a FOIA request should be granted when there is a "compelling need" for the relevant information. 5 U.S.C. § 552(a)(6)(E)(iii). In *Al-Fayed v. CIA*, 254 F.3d 300 (D.C. 2001), the District of Columbia Circuit Court stated that a compelling need is demonstrated when (1) the requester is "primarily engaged in the disseminating of information," and (2) there is an "urgency to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(v). Protect Democracy Project, Inc. v. United States DOD, 263 F. Supp. 3d 293, 298-99 (D. D.C. 2017).

The Intercept has clearly demonstrated both requirements. It is without dispute that The Intercept is "primarily engaged in disseminating information." Mr. Scahill has decades of experience as an investigative journalist and national security reporter in such newsrooms as The Intercept, The Nation, and Democracy Now. The Intercept is an award-winning news organization that covers national security, politics, civil liberties, the environment, international affairs, technology, criminal justice, the media, and more. The Intercept gives its journalists the editorial freedom and legal support they need to pursue investigations that expose corruption and injustice wherever they find it and hold the powerful accountable. https://theintercept.com/about/.

Furthermore, there is an "urgency" to inform the public concerning the Nord Stream pipeline explosion. A finding of urgency is compelled when the requestor can demonstrate three main factors: "(1) whether the request concerns a matter of current exigency to the American public; (2) whether the consequences of delaying a response would compromise a significant recognized interest; and (3) whether the request concerns federal government activity." *Al-Fayed,* 254 F.3d at 310. Agency regulations as codified in 43 CFR 2.20 (a)(2) collapse this inquiry into a determination on whether the information has particular value that will be lost if not disseminated quickly. The Intercept satisfies each element of the urgency analysis. The records requested will shed light on federal government activity and will either prove or disprove the widely circulated conflicting reports about the pipeline explosion's provenance, which were published in the New York Times and Seymour Hersh's newsletter. I certify that my statements concerning the need for expedited processing are true and correct to the best of my knowledge and belief.

## Conclusion

If this request is denied in whole or part, please justify all withholdings by reference to specific exemptions and statutes, as applicable. For each withholding please also explain why your agency "reasonably foresees that disclosure would harm an interest protected by an exemption" or why "disclosure is prohibited by law[.]" 5 U.S.C. § 552(a)(8)(A)(i).

I look forward to your determination regarding my request for expedited processing within 10 calendar days, as the statute requires.

Thank you in advance for your assistance.

Yours truly,

David Bralow