UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

INTERCEPT MEDIA, INC.,

    Plaintiff,

v.

UNITED STATES AIR FORCE, UNITED STATES DEPARTMENT OF STATE, UNITED STATES DEPARTMENT OF THE TREASURY, and UNITED STATES NAVY,

    Defendants.

No. 24 Civ. 601 (JGLC)

---

## STIPULATION AND PROPOSED ORDER OF SETTLEMENT AND DISMISSAL

    WHEREAS, in April 2023, plaintiff Intercept Media, Inc. ("plaintiff") made four requests (together, the "Requests") under the Freedom of Information Act ("FOIA") to four agencies of the United States: the United States Air Force, United States Navy, United States Department of State, and United States Department of the Treasury (together, the "Agencies" or the "government") seeking "records concerning the September 26, 2022, underwater demolition of and resulting gas leaks from the Nord Stream 1 and Nord Stream 2 natural gas pipelines in the Baltic Sea," *see* Complaint ¶ 1, ECF No. 1;

    WHEREAS, plaintiff commenced this litigation on January 26, 2024;

    WHEREAS, following discussions between the parties, plaintiff and the government have reached agreements about the searches for records responsive to each Agency's Request, and have also agreed on processing rates for each Agency;

    WHEREAS, plaintiff contends it is entitled to attorneys' fees and costs in connection with this litigation;

1

WHEREAS, the parties wish to resolve this action without further litigation;

NOW, THEREFORE, it is hereby STIPULATED and AGREED between the parties as follows:

1. **Adequate search.** Based on information the Agencies have shared regarding their searches for potentially responsive records, plaintiff agrees that each Agency has conducted an adequate search for records responsive to its respective Request.

2. **Settlement without admission of liability or wrongdoing.** This Stipulation and Order is the result of compromise and settlement between the parties. It does not constitute an admission of liability or wrongdoing by any party, and shall not be used or admissible as precedent, evidence, or argument in any other proceeding, except as may be necessary to ensure compliance with or carry out its terms and conditions.

3. **Processing rates.** The four Agencies' obligations to process records shall be as follows:

    a. **Air Force:** The Air Force made its final production on October 11, 2024. Accordingly, its processing obligations are satisfied.

    b. **Navy:** The Navy has located approximately 6,000 pages of potentially responsive records, which it will fully process within 12 months from the date of this Stipulation and Order, and will make rolling productions of any responsive, non-exempt records and any segregable portions of otherwise exempt records until it has processed all pages.

    c. **State:** State has located approximately 8,000 pages of potentially responsive records, which it will process at an average rate of 450 pages every six weeks, and

will make rolling productions of any responsive, non-exempt records and any segregable portions of otherwise exempt records until it has processed all pages.

    d. **Treasury:** Treasury has located approximately 9300 pages of potentially responsive records. Of these, approximately 2900 pages have already been fully processed for the equities of the component where they originated, and have been referred to other executive branch agencies or components that may have equities for consultation; Treasury will produce the responsive, non-exemption records and any segregable portions once these consultations are complete. For the remaining approximately 6400 pages, Treasury will process at an average rate of 300 pages per month, and will make rolling productions of any responsive, non-exempt records and any segregable portions of otherwise exempt records until it has processed all pages.

4. **Review of exemptions.**

    a. **Administrative appeal required.** After an Agency has completed all of its productions as described in paragraph 3, plaintiff may dispute only the applicability of any asserted exemptions in the productions described in paragraph 3 made after the date of this Stipulation, and only by means of a single administrative appeal with that Agency, and not through litigation—provided that plaintiff will retain a limited right to judicial review as provided by paragraph 4.b, below. Any administrative appeal under this paragraph shall be governed by the relevant Agency's FOIA regulations and other applicable law, except as otherwise provided by this Stipulation and Order.

    b. **Limited right to reinstatement of this action.** After the conclusion of any administrative appeals or, alternatively, if any properly initiated administrative appeal involving 500 or fewer pages has been pending for more than 90 days without decision by an Agency—or, if the appeal involves more than 500 but no more than 1200 pages of records, if that appeal has been pending for more than 150 days—then plaintiff shall have the right to reinstate this action solely to seek judicial review of any exemptions identified in that administrative appeal (as limited by paragraph 4.a above). For any properly initiated administrative appeal involving more than 1200 pages, plaintiff and the Agency will negotiate an appeal deadline after which this action can be reinstated, which shall not be less than 150 days. Subject to the next sentence, reinstatement of this action under this paragraph shall not affect any of the agreements, determinations, releases, or directives found elsewhere in this Stipulation and Order. Plaintiff does not waive, and may seek to the extent otherwise permitted by applicable law, any claim to additional attorneys' fees incurred in connection with litigating any reinstated action; provided that nothing in this sentence shall affect or permit the reopening of the fee settlement in paragraph 5 for hours billed through the date of this Stipulation and Order, nor permit the recovery of any fees incurred prior to reinstatement, including during any administrative appeal as described in 4.a.

5.     **Fee claim.** Within a reasonable time after the Court has endorsed and docketed this Stipulation and Order, but in no event after December 30, 2024, the Agencies shall together pay to plaintiff the total sum of twenty thousand, five hundred dollars and no cents ($20,500.00) (the "Settlement Amount") for attorneys' fees and litigation costs. Subject to paragraph 4.b, this

payment shall constitute full and final satisfaction of any claims by plaintiff for attorneys' fees and litigation costs in this matter, and is inclusive of any interest. Payment shall be made by electronic funds transfer, and counsel for plaintiff will provide the necessary information to counsel for the government to effectuate the transfer. In the event that the Agencies have not collectively paid the Settlement Amount by December 30, 2024, plaintiff shall have the right to rescind its agreement to the Settlement Amount and may instead litigate its claim for attorneys' fees.

6. **Release.** Subject to paragraph 4.b, plaintiff releases and discharges the Agencies and the United States of America, including its agencies, departments, officers, employees, servants, and agents, from any and all claims and causes of action that plaintiff asserted, or could have asserted, in any litigation arising out of the Requests.

7. Subject to paragraph 4.b, this action is dismissed with prejudice and without costs or fees except as provided in paragraph 5, provided that the Court shall retain jurisdiction over any issues that might arise relating to the enforcement of this Stipulation and Order.

8. This Stipulation and Order contains the entire agreement between the parties, and no statement, representation, promise, or agreement, oral or otherwise, between the parties or their counsel that is not included herein shall have any force or effect.

*[remainder intentionally blank]*

9. This Stipulation and Order may be executed in counterparts. Facsimile or pdf signatures shall constitute originals.

Date: New York, New York
November 25, 2024

DENTONS US LLP

*Harrison M. Rosenthal*

Stephanie S. Abrutyn (SA 3249)
Harrison M. Rosenthal (6058028)
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 768-6700
stephanie.abrutyn@dentons.com
harrison.rosenthal@dentons.com

*Attorneys for Plaintiff*

Date: New York, New York
November 25, 2024

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: PETER ARONOFF
MARK OSMOND

*Mark Osmond*

Assistant U.S. Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2697
Email: peter.aronoff@usdoj.gov
mark.osmond@usdoj.gov

*Attorneys for Defendants*

SO ORDERED:

_____
HON. JESSICA G. L. CLARKE
UNITED STATES DISTRICT JUDGE